UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Craig T. Bates,

Plaintiff,

vs. REPORT AND RECOMMENDATION

M.L. Turner, R.T. O'Dell,
T. Rice, and P. O' Malley,,

Defendants. Civ. No. 00-2324 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of January, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Plaintiff for a Temporary Restraining Order and for Preliminary Injunction. For reasons which follow, we recommend that the Plaintiff's Motion be denied, as moot.

On January 24, 2001, the Plaintiff moved the Court for an Order preventing him from being transferred from a correctional facility in Appleton, Minnesota, to Oklahoma. On January 26, 2001, the correction facility in Appleton informed the Court that the proposed transfer of the Plaintiff to Oklahoma had been reconsidered, and that there were no present plans to transfer the

JAN 26 2001
... CLERK

Plaintiff. Therefore, there is no longer a need for a Temporary Restraining Order, or a Preliminary Injunction. Thus, we recommend that the Plaintiff's Motion be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction [Docket No. 18] be DENIED, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 12, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall

timely order and file a complete transcript of that Hearing **by no later than February 12, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.