**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CRAIG THOMAS BATES, Civil No. 00-2324 (DWF/RLE)

Plaintiff-Appellant,

v. **ORDER**

M.L. TURNER, Division Director,
R.T. O'DELL, Warden,
T. RICE, Assistant Warden, and
P. O'MALLEY, Security Director,

Defendants-Respondents.

---

Craig Thomas Bates, Pro Se, #162673, WI Correctional Facility, Racine Correctional Institution, Box 900 I, Sturtevant, WI 53177-0900, Plaintiff-Appellant.

John W. Riches, Esq., Prairie Correctional Facility, Staff Personnel, P.O. Box 157, Appleton, MN 56208-0157, counsel for Defendants.

---

This matter is presently before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") on appeal. (Doc. No. 34.) For the reasons discussed below, the Court concludes that: (a) Plaintiff's IFP application should be granted; and (b) Plaintiff should be required to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), in the amount of $40.51.

Plaintiff is an inmate at the Racine Correctional Institution in Racine, Wisconsin. He is attempting to appeal this Court's dismissal of his complaint seeking relief under 42 U.S.C. § 1983. (*See* Order dated August 9, 2001 [Doc. No. 31].) Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997); *In re Tyler*, 110

FILED SEP 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

F.3d 528, 529-30 (8th Cir. 1997) . However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" *i.e.*, whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). *Henderson*, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); *see also Henderson*, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed *in forma pauperis* on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because, according to his IFP application, he currently has a balance of more than $200 in his prison trust account. (*See*

"Trust Account Activity Statement" attached to Plaintiff's IFP application [Doc. No. 34].) Because the average monthly balance of his trust account during the past four months ($202.53) has been greater than his average monthly deposits for the same period of time ($5.20), Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $40.51, ($202.53 x 20% = $40.51).[1] That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and *Henderson v. Norris*. The remaining balance of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find that the issues he apparently seeks to raise on appeal are legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915(b)(1) and *Henderson v. Norris*, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $40.51;

---

[1] Although the PLRA requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an action (*see* 28 U.S.C. § 1915(a)(2)), it appears that Plaintiff in this case made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore be determined on the basis of the limited financial information provided by his IFP application.

2. Plaintiff will be required to pay the $105 filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b); and

3. Subject to the foregoing requirements pertaining to the payment of his filing fee, Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 34), is **GRANTED**.

Dated: September 5, 2001

DONOVAN W. FRANK
Judge of United States District Court